## Blinn *v.* Blinn, Appellant.

Argued April 21, 1936.

Before CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Joseph Knox Stone,* for appellant.

*Homer H. Swaney* and *George W. Lucas,* for ap-
pellee.

OPINION BY JAMES, J., July 10, 1936:

Libellant, age sixty-seven, and respondent, age sixty-
three, residents of Beaver County, Pa., were married on
June 24, 1933.  On December 5, 1934, the husband filed
his libel in divorce praying the marriage be declared
null and void on the ground that at the time of the mar-
riage, the wife had a husband, Adam Devore, who was
still living and undivorced from her; to which an an-
swer was filed averring certain facts as a defense here-
inafter stated.  At the hearing, before the master, it
was established the wife had applied for a divorce in

the Court of Common Pleas of Beaver County to No. 381, September Term, 1915, and the court had made an order granting a divorce upon the payment of the costs amounting to $35.63; but no decree was ever taken out in pursuance of the order. Libellant testified he had no knowledge his wife was not divorced until shortly before the libel was filed and he had been informed, previous to the marriage, her husband was dead. Respondent testified she had told libellant she had a divorce, but it was not paid for, and he promised he would finish paying for it and then they would be married; that on the morning of the day they were married he said he would fix things up, "he was out about an hour and came back with a paper and throwed it on the table and said 'Everything is all right. It cost me fifty-nine dollars. Do you think you're worth that?' That is all he said about it." Respondent saw the words "Paid in full" on the paper, but did not read it. Her testimony was corroborated by that of her daughter and son-in-law. The master filed a report recommending the divorce, to which exceptions were filed. The court dismissed the exceptions and entered a decree, from which this appeal was taken.

The libel was filed under section 12 of the Act of May 2, 1929, P. L. 1237, 23 PS §12[1], "The Divorce Law," which provides as follows: "Annulment of Bigamous Marriages.—In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time the supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony." This section of the Divorce Law was evidently enacted to take the place of the Act of April 14, 1859, P. L. 647. The latter act

---

[1] Amended by the Act of July 15, 1935, P. L. 1013.

limited the application for annulment to an "innocent
or injured party," but as now written either party may
apply for annulment. It will be noted that for many
of the causes set forth in section 10 of the Divorce Law,
the divorce shall be obtained only by the "innocent and
injured" spouse.

In construing section 12, supra, we held in Stump v.
Stump, 111 Pa. Superior Ct. 541, 170 A. 393, where
the libel had been filed by the husband, it made no dif-
ference that at the time of the second marriage cere-
mony with respondent, libellant knew respondent had
a husband living from whom she had no divorce; but
appellant argues that this case is to be distinguished
by reason of the trickery and falsehood practiced by
libellant, who now cannot take advantage of his own
wrong. On this phase, the testimony is far from con-
vincing that such trickery or falsehood was practiced,
but we are still faced with the situation that the Divorce
Law recognizes the right of either party to institute
proceedings to annul the bigamous marriage. The omis-
sion of the words "innocent or injured party" and the
insertion of "upon application of either party," clearly
show the sole question is whether at the time the alleged
or supposed marriage was contracted, one of the parties
had a spouse living, in which event the marriage may
be declared null and void. See Heckard v. Heckard,
19 D. & C. 118. The record establishes that even at the
time of the hearing, the husband of appellant was still
living and the final decree in divorce against him had
never been entered.

Appellant further emphasizes that under this section,
the word "may" is used in contradistinction to the word
"shall," which is used in other sections of the Divorce
Law and in the Act of 1859, supra. Assuming, however,
as argued, that the word "may" implies a discretionary
power, the record establishes the decree was recom-
mended by the master and, in the exercise of its discre-

tion, approved by the court. An examination of the record, which we are duty bound to make, convinces us the decree was properly entered.

Decree affirmed.